# THE ATTORNEY GENERAL
## OF TEXAS
GROVER SELLERS                    AUSTIN 11, TEXAS
~~JOHN BEN SHEPPERD~~



Honorable C. G. Mendenhall
County Auditor
Chambers County
Anahuac, Texas

Dear Sir:

Opinion No. O-6401
Re: (1) Is it required that the duties of
the County Auditor of Chambers County be
extended to the Chambers-Liberty County
Navigation District?
(2) Has the County Commissioners of
the Chambers-Liberty County Navigation Dis-
trict authority to set the bond of the
County Treasurer at an amount less than
double as set forth therein?

We have received and considered your request for an opinion on the
above matters, said request reading as follows:

"There has recently been organized in this and part of
Liberty County, the Chambers-Liberty Counties Navigation Dis't,
and the petition to the Commissioners Court sets forth that same
will be organized under Chapter 5 Acts 39th Leg. Regular Session
1925, Article 8263h. And according to Vernons Statutes this is
part of Chapter 9 dealing with Navigation districts. Reference
is also made to Sec. 59 of Art. 16 of the Constitution.

"We would like very much to have answered the following
questions dealing with this district:

"Is it required that the duties of the County Auditor be
extended to this district, and he be required to impose them
thereon?

"Has the commissioners in this district authority to set
the bond of the County Treasurer at an amount less than double
as set forth therein?"

Article 8263h of Vernon's Annotated Civil Statutes referred to by
you was passed in 1925 and, since said Article makes no reference whatever
to the services of a County Auditor for Navigation Districts organized
under its provisions, it is necessary to look to other statutes governing
such districts.

Article 8263a, Section 2, of said statutes, which was passed in
1929, contains the following provision:

". . . There being same question as to the powers
conferred on Navigation Districts under the different Acts
heretofore passed, it is hereby declared that all Naviga-
tion Districts, heretofore created or hereafter to be
created, under any of the Acts of the Legislature author-
izing the creation thereof, have and by this Act are granted,
and shall have all the powers conferred by Articles 8229,
8237, 8238, 8239, 8240, 8241, 8242, 8243, and 8245, Title
128, Subdivision V, Chapter 9, Section 2A, Revised Civil
Statutes of 1925, and all amendments therete, regardless of
whether or not there is a city of 100,000 inhabitants or
more within the boundaries of said District, and all Acts
of said Districts heretofore exercising any of such powers
are hereby validated. . . ."

Article 8245 of said statutes reads as follows:

"Such commissioners may employ such persons as they may
deem necessary for the construction, maintenance, operation,
and development of the Navigation District, its business and
facilities, prescribe their duties and fix their compensation,
and the County Auditor, as Auditor for such Navigation District
having large port facilities, shall make such additional re-
ports and perform such accounting services in addition to those
now required by law as may be reasonable incident to the proper
conduct of the business of such districts, provided the compen-
sation of the County Auditor who shall act hereunder and the
provisions of Title 34, Subdivision 2, shall be fixed and de-
termined by the judge of the District Court or courts having
jurisdiction in said county after due hearing with respect to
the amount and value of the services performed, which amount
shall be paid monthly from the funds of said Navigation Dis-
trict, and further provided that the maximum amount which may
be allowed by said District Judges for said services shall not
exceed the amount new being paid."

It will be noted that Article 8245 provides that "the County Auditor,
as Auditor for such Navigation District having large port facilities," shall
perform certain named duties, and his compensation therefor shall be fixed
by certain district judges under the rules therein laid down, but said pro-
visions are too uncertain and indefinite to be of any force or effect for
the following reasons:

Said provisions do not set forth whether the County Auditor shall
perform the services named only when the Navigation District has large
port facilities; it is not made clear whether the County Auditor can only
perform the additional services named after he had been named as Auditor
for a Navigation District having large port facilities; it is not shown

which county auditor shall be called upon to perform such additional services where the Navigation District is composed of two counties, or portions of two counties; the services to be performed are specified as reports and accounting services in addition to thosenow required by law as may be reasonably incident to the proper conduct of the business of said district, but it is not made clear what law governs the reports and accounting services now required by law; that is, whether the law governing the general duties of a county auditor is referred to, or whether it is some law which has to do only with an auditor for a Navigation District; the compensation to be paid for such services is to be fixed and determined by the Judge of the District Court or courts having jurisdiction in said county, but such compensation is for a County Auditor who shall act under the provisions of said Article 8245 and the provisions of Title 34, Subdivision 2, the applicable portion of which is Article 1667 of Vernon's Annotated Civil Statutes and reads as follows:

"In all counties which have or may have a County Auditor and containing a population of one hundred ten thousand (110,000) or more, as shown by the preceding Federal Census, and in all counties having a population of not less than thirty-eight thousand (38,000) nor more than thirty-eight thousand three hundred fifty (38,350), according to the last Federal Census, and in which counties there exists or in which there may be created any improvement, navigation, drainage, or road or irrigation district, or any other character of district having for its purpose the expenditure of public funds for improvement purposes, or for improvements of any kind whether derived from the issuance of bonds or through any character of special assessment, the County Auditor shall exercise such control over the finances of said district as hereinafter provided."

It will be noted that said Article 1667 applies only in counties having a population of 110,000 or more and, since the total population of the counties composing the Navigation District referred to in your request is only 32,052, as shown by the Federal Census of 1940, said statute does not apply to such Navigation District. Said Article 8245 is further too uncertain and indefinite as to the amount of compensation to be allowed for such services as it provides that the maximum amount shall not exceed the sum now being paid, but it does not set forth any criterion by which said amount can be determined; thatis, where any amount is now being paid, to whom or by whom. Besides, there is nothing in said statute that will apply specifically to a newly created Navigation District such as you referred to in your request. There being no other statutes that attempt to provide the services of a county auditor for a Navigation District such as that referred to in your request, and Article 8245 being too indefinite and uncertain to be of any force and effect, it is our opinion that your first question should be, and it is, answered in the negative.

Article 8263h, Section 33, is in part as follows:

"The county treasurer shall execute a good and sufficient bond, payable to the navigation and canal commissioners of such district, in a sum equal to twice the amount of funds he will have in his hands as treasurer of such district, at any time as estimated by said navigation and canal commissioners, such bond to be conditioned for the faithful performance of his duties as treasurer of such district and to be approved by said navigation and canal commissioners; provided, whenever any bonds are voted by such navigation district the county treasurer before receiving the proceeds of sale thereof shall execute additional good and sufficient bond payable to the navigation and canal commissioners of such district in the sum equal to twice the amount of bonds so issued, which bond shall likewise be conditioned and approved as aforesaid, but such additional bond shall not be required after such treasurer shall have properly disbursed the proceeds of such bond issue; . . ."

The provisions of this statute require the bond of a county treasurer to be in an amount equal to twice the amount of funds he will have in his hands as treasurer of said district, at any time estimated by said navigation and canal commissioners, as well as twice the amount of bonds to be issued by the district; therefore, it is our opinion that you second question should be, and the same is, answered in the negative.

Trusting that this satisfactorily answers your inquir, we remain

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Jas. W. Bassett

Jas. W. Bassett

JWB/JCP:egw

APPROVED FEB 26, 1945
/s/ CARLOS ASHLEY
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By BWB Chairman